**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALEJANDRO RAMON RAMIREZ SARATE,

Petitioner,

v. No. 2:26-cv-1214-DHU-DLM

OTERO COUNTY PROCESSING CENTER, *et al*,

Respondents.

**ORDER DISMISSING DUPLICATE HABEAS FILING**

THIS MATTER is before the Court on Petitioner Alejandro Ramon Ramirez Sarate's duplicate habeas case under 28 U.S.C. § 2241. Doc. 1. Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico. He filed his first § 2241 petition through counsel on February 18, 2026. *See* Doc. 1 in 2:26-cv-00463-KG-SCY. The Court (Hon. Kenneth Gonzales) granted the counseled petition and ordered the Government to conduct a bond hearing. *See* Doc. 10 in 2:26-cv-00463-KG-SCY. Petitioner sought additional relief through counsel after the immigration court denied bond. Chief Judge Gonzales determined that Petitioner received due process at the bond hearing and declined to grant additional relief. *See* Doc. 15 in 2:26-cv-00463-KG-SCY.

Petitioner filed another *pro se* 28 U.S.C. § 2241 petition on April 6, 2026 ("Amended Petition"). *See* Doc. 16 in 2:26-cv-00463-KG-SCY. The Amended Petition attaches a copy of Chief Judge Gonzales' ruling and cites additional case law that was purportedly issued after the events described in the initial petition. *Id.* at 2. The Amended Petition was filed in 2:26-cv-00463-KG-SCY. Chief Judge Gonzales denied the Amended Petition because it seeks relief arising from the same detention addressed in his prior orders. Doc. 17 in 2:26-cv-00463-KG-SCY. The Order

explains that the proper vehicle for seeking reconsideration is a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and sets forth the standard under that rule. *Id.*

On or about April 17, 2026, Petitioner's putative Next Friend ("Priscilla Ramirez") called the Clerk's Office and stated that she wished to open a new case using the Amended Petition. The Clerk's Office opened the instant case, No. 2:26-cv-1214-DHU-DLM.

Petitioner cannot circumvent the requirements of Rule 59 by asking a different judge to review his habeas ruling. The Court will therefore dismiss this duplicate proceeding without prejudice to filing a formal motion to reconsider in Case No. 2:26-cv-00463-KG-SCY, as instructed. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("District Courts have discretion to control their dockets by dismissing duplicative cases"); *McNeese v. Anderson*, 2025 WL 2673993, at *2 (10th Cir. Sept. 18, 2025) (affirming "district court's dismissal of a case as … duplicative" and noting that courts are "accorded a great deal of latitude and discretion" in such matters); *Horbenko v. Lyons,* 26-cv-0751-KWR-DLM (dismissing duplicate § 2241 immigration petition); *Anis v. Bondi*, 26-cv-0865-KG-DLM (same). Priscilla Ramirez is reminded that she should not make *ex parte* phone calls to the Clerk's Office seeking to modify filings or new judge assignments. All requests for relief must be filed in writing.

**IT IS THEREFORE ORDERED** that the above-captioned habeas case is **DISMISSED WITHOUT PREJUDICE** as duplicative.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE